**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH WILLIAMS,** | : | |
| Petitioner | : | |
| | : | **CIVIL NO. 3:CV-07-1755** |
| v. | : | |
| | : | **(Judge Caputo)** |
| **WARDEN PAUL J. STOWITSKY,** *et al.*, | : | |
| | : | |
| Respondents | : | |

**M E M O R A N D U M**

**I.    Introduction**

Petitioner Kenneth Williams (Williams), an inmate currently incarcerated at the State Correctional Institution at Greene in Waynesboro, Pennsylvania, commenced this action by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania. (Doc. 1-2.)[1] The matter was subsequently transferred to this Court. Mr. Williams seeks to challenge his 2004 conviction and sentence in the Court of Common Pleas of Luzerne County, Pennsylvania ("trial court" or "Luzerne County court"). For the reasons that follow, the Petition will be dismissed without prejudice for failure to exhaust state court remedies.

---

[1] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

## II. Background

On June 14, 2004, following a jury trial in the Luzerne County court, Mr. Williams was found guilty of one count each of possession of a controlled substance - cocaine; possession with intent to deliver a controlled substance - cocaine; delivery of a controlled substance - cocaine; criminal conspiracy; and criminal use of a communication facility. (Doc. 1-15, Criminal Information and Jury Verdict.) Prior to sentencing, Mr. Williams filed two motions for post-conviction relief in the trial court on July 1, 2004, and July 23, 2004, respectively, which were denied.[2] On August 25, 2004, the Luzerne County court sentenced Mr. Williams to a term of imprisonment of sixty-six (66) to one hundred thirty-six (136) months. (Doc. 1-16, Sentencing.) Mr. Williams subsequently filed a post-sentence motion, which was denied by the trial court by order dated February 3, 2005. (Doc. 1-18, Trial Court Order.)

On May 5, 2005, Mr. Williams timely filed a petition for post-conviction collateral relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann, § 9541 *et seq*. in the Luzerne County court.[3] (*See Williams*, CP-

---

[2] *See* Court of Common Pleas of Luzerne County docket sheet for *Commonwealth v. Mr. Williams*, No. CP-40-CR-0002651-2003, available through Pennsylvania's Unified Judicial System docket search: http://ujsportal.pacourts.us/ The Court will refer to this docket sheet herein as "*Williams*, CP-40-CR-2651-2003."

[3] Under 42 Pa. Cons. Stat. Ann. § 9545(b), which addresses the time for filing a PCRA petition,

> (1) Any petition under this subchapter, including a second or successive petition, shall be filed within one year of the date the judgment becomes final,

(continued...)

40-CR-2651-2003.) The Luzerne County court has not yet ruled on that petition.

The Luzerne County court's docket indicates that Mr. Williams filed a second PCRA petition on January 10, 2006. (*See id.*) However, in response to an Order issued by this Court directing Respondents to provide the Court with a copy of that petition, (*see* Doc. 4), Respondents assert that the Luzerne County District Attorney's Office was never served with a PCRA petition dated January 10, 2006, (Doc. 6 at R. 2). Respondents further assert that neither the Luzerne County Clerk of Courts, nor the assigned Luzerne County judge, possesses a PCRA petition filed on January 10, 2006, or is aware of any such petition having been filed. (*Id.*) Thus, Respondents allege that the January 10, 2006 PCRA petition was not filed, and that the docket in the case indicating the filing of such a petition is erroneous. (*Id.*) However, in his reply to the response to the instant habeas petition, Mr. Williams asserts that he did in fact file a PCRA petition on January 10, 2006. (Doc. 1-12.)

On April 11, 2006, Mr. Williams filed an appeal to the Pennsylvania Superior Court, purportedly from an order dated April 6, 2006. (*See Williams*, CP-40-CR-2651-2003; Doc. 1-12 at R. 2.) In his reply to the response to the instant petition, Mr. Williams asserts that he inadvertently recorded the incorrect date of April 6, 2006 as the date of entry of the order being appealed. (*Id.*) As a result, the

---

[3](...continued)

\* \* \*

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa. Cons. Stat. Ann. § 9545(1), (3).

-3-

Superior Court quashed the appeal on September 27, 2006, noting that the trial court docket did not reflect that any order had been entered on that date. (*Id*.; Doc. 1-34, Superior Court of Pennsylvania Docket No. 659 MDA 2006.)

On October 6, 2006, Mr. Williams filed an appeal to the Pennsylvania Superior Court from the trial court's February 3, 2005 order denying his post-sentence motion. (*See Williams*, CP-40-CR-2651-2003; Doc. 1-12 at 2.) No action has been taken on this appeal.[4]

On January 9, 2007, Mr. Williams filed the instant petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania. (Doc. 1, *Williams v. Stowitzky*, Civil No. 2:07-cv-00038, Docket Sheet.) In the petition, Mr. Williams asserts the following claims: (1) the trial court erred in allowing hearsay testimony, which led to a violation of his right to face his accuser as guaranteed by the Sixth Amendment to the United States Constitution and the Pennsylvania Constitution; and (2) the trial court should have called a handwriting expert after the jury foreman requested one in order to determine whether a written statement was in fact prepared by Mr. Williams. (Doc. 1-2.)

The Western District Court directed service of the habeas petition on January 22, 2007. (Doc. 1-6.) Respondents responded to the petition, contending, *inter alia*, that Mr. Williams was not entitled to a review of his claims because they are

---

[4] In their response to the instant petition, Respondents assert that Mr. Williams did not serve a copy of this notice of appeal on the Commonwealth of Pennsylvania. (Doc. 1-24 at 4.) Further, in his reply to the response to the petition, Mr. Williams asserts that the Luzerne County court did not transmit the notice of appeal to the Superior Court, and thus no appeal docket number was ever assigned. (Doc. 1-12 at 2.)

procedurally defaulted. (Doc. 1-10.) Subsequently, the Western District Court issued an order on August 29, 2007, indicating that it was unable to adjudicate Mr. Williams' habeas petition because the state court record was incomplete and Respondents had provided an inadequate response to the petition. (Doc. 1-22.) As a result, the court ordered that the response be stricken, and that Respondents provide a further response to the petition including the status of the two PCRA petitions currently pending before the Luzerne County court. (*Id.*) Pursuant to the Western District Court's order, Respondents filed another response to the habeas petition on September 7, 2007, contending that Mr. Williams is not entitled to review of his claims because he has failed to exhaust his state court remedies. (Doc. 1-24.) On September 21, 2007, the Western District Court transferred this matter to this Court. (Doc. 1-36.) This matter is now ripe for disposition.

## III. Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of her confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 1840-41, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

*Estelle,* 502 U.S. at 67-68, 112 S.Ct. at 480; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1(1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1059, 103. L.Ed.2d 380 (1989).

The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) (citing *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992)). As explained by the United States Supreme Court, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982)(quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)). Further, the doctrine of comity requires that a federal court "defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203 (quoting *Darr*, 339 U.S. at 204,

70 S.Ct. at 590).

In the instant case, in their response to the habeas petition, Respondents argue that the petition is unexhausted because Mr. Williams' 2005 PCRA petition is currently pending in state court.[5] As a result, Respondents contend, Mr. Williams' instant habeas petition is premature and should be dismissed without prejudice.

The Court agrees that the claims brought by Mr. Williams are premature, and therefore the instant petition should be dismissed without prejudice. Where a PCRA petition remains pending in state court, the exhaustion requirement is not satisfied. *See Singleton v. Wynder*, 485 F.Supp. 2d 602, 604 n.2 (E.D. Pa. 2007) ("because [the habeas petitioner] still has a PCRA petition pending, his state court remedies remain unexhausted"). Further, although the exhaustion requirement may be excused in certain circumstances,[6] as argued by Mr. Williams, there is no reason to

---

[5] Because Mr. Williams' 2005 PCRA petition was timely filed and not yet addressed by the state court, the Court need not address here the arguably erroneous filing of the January 2006 PCRA petition in state court.

[6] *See Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995) (finding the exhaustion requirement may be excused due to an inordinate delay rendering the state remedy effectively unavailable). In *Wojtczak v. Fulcomer*, 800 F.2d 353, 356 (3d Cir. 1986), the Third Circuit Court of Appeals found there to be an inordinate delay by the state in processing claims for relief so as excuse exhaustion where there was a thirty-three (33) month delay between the filing of the PCRA petition and the habeas petition. However, in *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002), the Third Circuit Court noted that the "thirty-three month delay in *Wojtczak* remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement." *Id*. Compare *Wojtczak*, 800 F.2d at 354 (33-month delay), *with Story v. Kindt*, 26 F.3d 402, 406 (3d Cir. 1994) (nine year delay), *and Hankins v. Fulcomer*, 941 F.2d 246, 252-53 (3d Cir. 1991) (eleven year delay). In the instant case, the total time elapsed between Mr. Williams' filing of the PCRA petition on May 5, 2005 and the filing of his habeas petition in federal court on January 9, 2007 is eighteen months. In light of the cases cited above, the Court is not inclined to classify this delay as "inordinate."

believe that the appropriate state court could not or would not grant Mr. Williams' requested relief if warranted. In fact, should Mr. Williams succeed in his PCRA petition, the instant habeas petition would be rendered moot. Additionally, judicial comity compels dismissal of this habeas petition, without prejudice, because the state system must be afforded the first opportunity to redress any errors before this Court interjects itself into the state court proceedings.

**IV.  Conclusion**

For the foregoing reasons, the Court will dismiss without prejudice the instant habeas petition. (Doc. 1-2.)

An appropriate Order follows.

>  **/s/ A. Richard Caputo**
>  **A. RICHARD CAPUTO**
>  **United States District Judge**

**Date: November 16, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH WILLIAMS,** : <br> : <br>     **Petitioner** : <br> :   **CIVIL NO. 3:CV-07-1755** <br>   **v.** : <br> :   **(Judge Caputo)** <br> **WARDEN PAUL J. STOWITSKY,** : <br> *et al.*, : <br> : <br>     **Respondents** : | |

**O R D E R**

**AND NOW, this 16th day of November, 2009,** upon consideration of the petition for writ of habeas corpus (Doc. 1-2), and the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The petition for writ of habeas corpus (Doc. 1-2) is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c).

                                                  **/s/ A. Richard Caputo**
                                                  **A. RICHARD CAPUTO**
                                                  **United States District Judge**